IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARTHA REED CAMMACK HOLMES, | ) | Case No. 07-10462 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| NABCO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 08-02035 |
| v. | ) | |
| | ) | |
| MARTHA REED CAMMACK HOLMES | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **MEMORANDUM OPINION**

This matter came before the Court for hearing on August 14, 2008 upon the Motion to Dismiss Adversary Proceeding (the "Motion to Dismiss") filed by the above-referenced debtor (the "Debtor") on July 18, 2008. At the hearing, Stephen D. Ling appeared on behalf of the Debtor and David W. McDonald appeared on behalf of Nabco, Inc. ("Nabco"). Based upon a review of the pleadings, the evidence presented at the hearing, and a review of the entire official file, the Motion to Dismiss will be granted.

## **JURISDICTION**

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I), which this Court has the jurisdiction

to hear and determine.

## FACTS

On March 30, 2007, the Debtor filed a Chapter 7 petition. On April 30, 2007, the first meeting of creditors was held, establishing June 29, 2007 as the deadline to file objections to the Debtor's discharge. On June 21, 2007, Nabco moved to extend the time to file such an objection through December 31, 2007, which the Court granted. On December 23, 2007, Nabco filed a second motion to extend time to file an objection through April 15, 2008, which the Court also granted.

On April, 15, 2008, Nabco filed a Motion Objecting to Discharge of the Debtor Pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(4)(A), and 727(a)(5), which alleged that the Debtor, among other things, fraudulently transferred assets within one year of the filing of her petition. On June 24, 2008, Nabco filed this adversary proceeding against the Debtor, making the same allegations against the Debtor as its previously-filed motion.

## ANALYSIS

Pursuant to Rule 7001(4) of the Federal Rules of Bankruptcy Procedure, a proceeding to object to or revoke a discharge is an adversary proceeding. In a Chapter 7 case, a complaint objecting to the debtor's discharge must be filed within sixty days of the first day set for the meeting of creditors under Section 341(a). Fed. R. Bankr. P. 4004(a). Upon the filing of a motion, and after a hearing or the opportunity for one, a court may extend the time to file a complaint objecting to discharge. Fed. R. Bankr. P. 4004(b). However, the motion must be filed before the period expires. Id.

On April 15, 2008, the last day of the period, Nabco filed a motion objecting to the

Debtor's discharge, rather than an adversary proceeding. The vast majority of courts, including the Seventh and Eighth Circuits, require a creditor to file an adversary proceeding. E.g., In re Perkins, 902 F.2d 1254, 1258 (7th Cir. 1990); In re Zimmerman, 869 F.2d 1126, 1128 (8th Cir. 1989). This Court will follow the majority view. Nabco's motion did not constitute an adversary proceeding and does not satisfy the requirements of Rules 7001(4) and 4004(a).

The Court must next consider whether it can extend the deadline for Nabco to file its complaint. The Supreme Court held in Bowles v. Russell, 127 S.Ct. 2360, 2364-65 (2007), and Kontrick v. Ryan, 540 U.S. 443, 454 (2004), that a time period prescribed by a court-promulgated rule, such as Rule 4004(a), does not affect a court's subject matter jurisdiction.[1] The Seventh Circuit has described the time limit in Rule 4004(a) as "akin to a statute of limitations." See Disch v. Rasmussen, 417 F.3d 769, 776 (7th Cir. 2005). Accordingly, this Court has the authority to consider Nabco's untimely filed adversary proceeding.

Rule 9006(b) generally allows a court to enlarge the time for taking action under the Federal Rules of Bankruptcy Procedure "after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). However, Rule 9006(b)(1) is subject to paragraph (b)(3) of the rule, which limits the enlargement of certain periods. Pursuant to Rule 9006(b)(3), the time for filing a complaint objecting to a debtor's discharge under Rule 4004(a) may be enlarged "only to the extent and under the conditions

---

[1] In Bowles, the Court noted that, unlike a statute-based filing period, a rule-based time limit, adopted for the orderly transaction of business, does not limit a court's jurisdiction and may be relaxed in the exercise of its discretion. 127 S.Ct. at 2365. In Kontrick, the debtor failed to comply with Rule 4004 when he challenged a creditor's objection to discharge after the court heard the case on the merits. 540 U.S. at 499-50. The debtor's failure to comply with the time limits did not affect the court's jurisdiction in part because the filing deadline was procedural rather than statutory. Id. at 448.

stated" in that rule. Rule 4004(b) requires that a motion to extend time be filed before the period has expired. Here, Nabco failed to file a third motion requesting an extension of time. Nor did Nabco file its adversary proceeding within the requisite time period. Therefore, this Court has no authority to extend the period. Nabco's complaint is untimely, and this adversary proceeding will be dismissed.

## CONCLUSION

Nabco's motion objecting to the Debtor's discharge does not constitute an adversary proceeding. Pursuant to the Federal Rules of Bankruptcy Procedure, the Court has no authority to extend the time for Nabco to file a complaint. The Motion to Dismiss will be granted.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Rule 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARTHA REED CAMMACK HOLMES, | ) | Case No. 07-10462 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| NABCO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 08-02035 |
| v. | ) | |
| | ) | |
| MARTHA REED CAMMACK HOLMES | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **PARTIES IN INTEREST**

Martha Reed Cammack Holmes

Stephen D. Ling, Esquire

Nabco, Inc.

David W. McDonald, Esquire